UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CERTAIN LONDON MARKET COMPANY REINSURERS,<br><br>        Plaintiffs,<br><br>vs.<br><br>LAMORAK INSURANCE COMPANY f/k/a ONEBEACON AMERICA INSURANCE COMPANY,<br><br>        Defendant. | C.A. No. 1:18-cv-10534-NMG |

**CERTAIN LONDON MARKET COMPANY REINSURERS' RESPONSE
TO LAMORAK'S MOTION UNDER FEDERAL RULE OF EVIDENCE 611(a)
TO REALIGN THE PARTIES AND ALTER THE ORDER OF PROOF AT TRIAL**

In its Motion to Realign the Parties and Alter the Order of Proof at Trial (the "Motion"), Defendant, Lamorak Insurance Company ("Lamorak") states that it bears "the burden of proof on **all pending claims**." ECF #183 at 3 (emphasis added). Plaintiffs, Certain London Market Company Reinsurers ("LMRs") agree that Lamorak bears the burden on all issues.

But the Motion is nevertheless premature – LMRs' dispositive Motion for Summary Judgment, critical choice of law determinations, and other logistical matters all remain outstanding. Moreover, good cause exists to allow LMRs to present first at trial – especially where one of LMRs' witnesses, Mr. Peter Wilson, is the only case witness with personal knowledge of the underwriting of the fifty-year-old reinsurance contracts in issue here (the "Slip Reinsurance Policies"). Thus, this Court should either decline to rule on Lamorak's Motion, or otherwise deny it outright.

1

I.      **LAMORAK'S MOTION IS PREMATURE.**

The Court should not take up realignment right now. LMRs' Motion for Summary Judgment is still pending. *See* ECF #151-#178. As a result, this Court has not yet ruled on (1) whether English law or Massachusetts law governs the Slip Reinsurance Policies, or (2) whether the Slip Reinsurance Policies do not contain a follow-the-settlements clause (a "Follow Clause") or whether this is a triable issue. LMRs maintain, as set forth in full in their summary judgment briefing, that English law applies and that a Follow Clause cannot be implied into the Slip Reinsurance Policies especially where, as here, no explicit clause exists or appears in the Slip Reinsurance Policies. *See* ECF #152 at 3-5, 15-17; ECF #176 at 1-3, 9-10. Lamorak evidently disagrees.

The interests of efficiency and fairness would be best served by the Court ruling on LMRs' summary judgment motion before the Court considers the order of proof. For instance, if English law applies, then Lamorak would, along with burden of proof on its causes of action, be required to prove that its cession is consistent with the "real basis" of its settlement with Olin. *See* ECF #152 at 3-5. If Massachusetts law applies, and if the Court rules that as a matter of law no Follow Clause exists (by implication or otherwise), then Lamorak would bear the burden of proving that its losses were covered by its settlement with its insured. *See* ECF #152 at 15-17. And if the Court determines that a triable issue of fact exists as to the Follow Clause, then different order of proof regimes may theoretically apply if a jury were to find the existence of a Follow Clause (notwithstanding that this finding would be contrary to settled law, which is why LMRs' Motion for Summary Judgment should be granted on this point). The point is that realignment cannot be resolved before it is clear what law applies. Once the parties have received such guidance from

the Court, LMRs would have no objection to meeting and conferring with Lamorak on realignment or, if that fails, presenting supplemental briefing on this issue.

In sum, with summary judgment issues outstanding and trial now set for no sooner than February 28, 2022, the Court should not consider Lamorak's Motion right now.  *See Tesco Corp., (US) v. Varco I/P, Inc.*, No. H-05-2118, 2006 WL 6625915, at *3 (S.D. Tex. Nov. 9, 2006) (refusing to realign parties or change order of proof because motion was brought too early and "court ha[d] not yet ruled on . . . dispositive motions that will undoubtedly be filed"). Accordingly, the Court should revisit realignment only if necessary.

**II.      GOOD CAUSE EXISTS TO PERMIT LMRS TO PRESENT FIRST AT TRIAL.**

If the Court disagrees that Lamorak's Motion is premature and is inclined to issue a ruling now, it should maintain the status quo and allow LMRs, as plaintiffs, to present first at trial, for at least the following three reasons:

*First*, this Court should not reward Lamorak's gamesmanship in this case by granting it the privilege of presenting first at trial.  As this Court is aware, this litigation arose because Lamorak first filed suit in Massachusetts state court against another group of reinsurers referred to as Certain Underwriters at Lloyd's London ("Certain Underwriters"), who also were subscribing reinsurers to the exact same Slip Reinsurance Policies at issue in this case, in connection with the same reinsurance billings in issue here (notwithstanding that Lamorak and Certain Underwriters were, at the time, managed by the same administrator). *See* ECF #7 at 1-2.  So as not to be excluded from litigation where Lamorak sought declarations on the exact same Slip Reinsurance Policies with a counterparty managed by the same administrator, LMRs also filed suit in Massachusetts state court against Lamorak, and sought to intervene in Lamorak's suit, where Lamorak would have remained as the natural plaintiff.  In response, Lamorak opposed LMRs' intervention, and, on the basis that

3

it is a Pennsylvania-based company, removed LMRs' suit to this Court, thereby preventing itself from remaining as plaintiff in a suit against all reinsurers. *See* ECF #1.

In other words, Lamorak had the opportunity to be a plaintiff in this dispute from the outset. Indeed, it could have added LMRs as defendants in its first-filed state court action, or it could have assented to LMRs' Motion to Intervene, or it could have filed suit against LMRs in this Court. Lamorak did none of this. Instead, it opposed LMRs' Motion to Intervene **and** removed LMRs' suit to this court, thereby solidifying its position as a defendant vis-à-vis LMRs.[1]

Courts use realignment to remedy gamesmanship, not to reward it. *See Tesco Corp.*, 2006 WL 6625915, at *3 (recognizing that courts may realign parties "to remedy forum shopping"); *cf. Citibank, N.A. v. Jackson*, No. 3:16-CV-00712, 2017 WL 1091367, at *3–*4 (W.D.N.C. Mar. 21, 2017) (in remand context, refusing to grant motion to realign where realignment would create federal jurisdiction and "serve the purpose of forum shopping"). Thus, having engineered itself as the defendant in this case, Lamorak must live with the consequences.

*Second*, LMRs' fact witness Peter Wilson should testify first. Mr. Wilson served as Lead Underwriter for the Slip Reinsurance Policies.[2] He is the only case witness identified by either side with personal knowledge of the negotiation, underwriting and agreement of the Slip Reinsurance Policies as well as the parties' intent with respect to their duties and obligations under the Slip Reinsurance Policies. Without Mr. Wilson first conveying to the jury the actual facts

---

[1] It also bears noting that Lamorak has asserted a counterclaim against LMRs for statutory bad faith premised in part on allegations that LMRs "rushed to the courthouse" in filing this suit. ECF #29, ¶ 48. If Lamorak had added LMRs as defendants to its original suit, or assented to their Motion to Intervene, it could not have also maintained a bad faith claim against them on the basis that LMRs filed this suit. Now, after forcing LMRs to file a lawsuit as plaintiffs, and then asserting a bad faith claim against them for doing just that, Lamorak seeks to be permitted to assume the plaintiff role itself. Lamorak cannot have it both ways. At the very least, if Lamorak becomes the plaintiff here, this Court should order it to amend its counterclaim to withdraw the bad faith allegations premised on LMRs having filed suit first. *See* ECF #29, ¶¶ 48, 72(f),(j).

[2] *See* Statement of Undisputed Material Facts in Support of Motion for Summary Judgment ¶¶ 36-39, ECF #153 at 9-10.

surrounding the negotiation, underwriting and binding of the Slip Reinsurance Policies, including the role of the reinsurance broker, the jury will lack essential context to understand the parties' rights and obligations that are at issue here.  The danger of confusion would be heightened if Lamorak is permitted to first parade a number of witnesses who will attempt to testify about the meaning of the Slip Reinsurance Policies, notwithstanding a lack of any personal knowledge as to the negotiation or underwriting of these contracts.  Thus, to "make [the presentation of evidence] effective for determining the truth" and to "avoid wasting time," Fed. R. Evid. 611(a)(1-2), LMRs should present first, with Mr. Wilson as the first witness.

*Third,* in its Motion, Lamorak confirms that it bears "the burden of proof on **all pending claims**." ECF #183 at 3.  LMRs agree.  And if, in making this statement, Lamorak concedes that the Slip Reinsurance Policies do not contain a Follow Clause or that regardless of the presence of a Follow Clause, LMRs are absolved of any burden of proof to justify nonpayment, LMRs accept this concession.[3/]  But, if Lamorak subsequently seeks to backpedal from its claim that it bears the burden on all issues – such as by claiming that at least a portion of the burden depends on the presence or absence of a Follow Clause – and depending on this Court's summary judgment ruling on the Follow Clause question, it is plausible that Lamorak will contend that LMRs bear some burden at trial (though LMRs stand on their summary judgment argument that they do not).  The possibility of a mixed burden, though, further counsels against realignment, particularly at this stage.  *See L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 383 (S.D.N.Y. 2005) (quoting *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996)) ("Where both parties bear the burden of proof on distinct counts of their causes of action . . . the court has

---

[3/]    A concession that a Follow Clause does not exist warrants partial summary judgment in LMRs' favor.  *See* Fed. R. Civ. P. 56(a).

good grounds for allowing 'the actual plaintiff, the party that filed the lawsuit, to proceed first.'");

*see also Ericsson Inc. v. Harris Corp.*, No. CIVA3:98CV2903D, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999) (the "elemental [rule is] that the party who files a lawsuit is designated as the plaintiff" and is allowed to present first).

## CONCLUSION

For the reasons stated above, this Court should decline to rule on Lamorak's Motion at this time or, alternatively, deny it.

Dated: August 20, 2021

                                       CERTAIN LONDON MARKET
                                       COMPANY REINSURERS

By their attorneys,

*/s/ Lavinia M. Weizel*_____
Nicholas Cramb (BBO #654368)
Lavinia Weizel (BBO #688142)
MINTZ LEVIN COHN FERRIS
GLOVKSY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000 (phone)
(617) 542-2241 (fax)
NCCramb@mintz.com
LMWeizel@mintz.com


Marc Abrams (*pro hac vice*)
MINTZ LEVIN COHN FERRIS
GLOVKSY & POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, New York 10017
(212) 935-3000 (phone)
(212) 983-3115 (fax)

## **CERTIFICATE OF SERVICE**

   I, Lavinia M. Weizel, hereby certify that the foregoing document is being served upon all counsel of record via the Court's CM/ECF system.

                   */s/ Lavinia M. Weizel*
                   Lavinia M. Weizel

115597056v.1